UNITED STATES of America,
Plaintiff,

v.

MARYLAND AND VIRGINIA MILK
PRODUCERS ASSOCIATION,
Inc., Defendant.

Civ. A. No. 4482–56.

United States District Court
District of Columbia.

June 24, 1957.

Joseph J. Saunders, Edna Lingreen, and J. E. Waters, Dept. of Justice, Washington, D. C., for plaintiff for the motion.

Herbert A. Bergson, William J. Hughes, Jr., and Daniel H. Margolis, Washington, D. C., for defendant, opposed.

HOLTZOFF, District Judge.

This case is before the court on a motion by the plaintiff for discovery and production of numerous documents, under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The action is a civil suit brought by the Government for an injunction under the antitrust laws against the Maryland and Virginia Milk Producers Association, Inc., an agricultural cooperative association, composed of nearly two thousand milk producers, most of whom are located in the States of Maryland and Virginia. The defendant is charged with an attempt to monopolize interstate trade and commerce in milk, in violation of Section 2·of the Sherman Act (15 U.S.C.A. § 2);

with entering into contracts in restraint of trade in milk, in violation of Sections 1 and 3 of the Sherman Act (15 U.S. C.A. §§ 1 and 3); and with purchasing and acquiring in 1954 substantially all of the assets of Embassy Dairy Company, an independent producer, the effect of this transaction being to restrain competition or to create a monopoly, in violation of Section 7 of the Clayton Act (15 U.S.C.A. § 18). The relief sought is an adjudication that the acts complained of are unlawful and an injunction against a continuation of the illegal activities. By the present motion, the plaintiff seeks the production of numerous documents, including contracts, correspondence, records and similar papers, dating back to 1930. The defendant objects to such a discovery as too broad, unreasonable and burdensome.

◼ The discovery provisions of the Federal Rules of Civil Procedure must be liberally construed, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Broad discovery is one of the outstanding progressive innovations introduced by modern practice. It is a potent weapon in the attainment of justice. The court will take no step to abridge or detract from its beneficent effects. Nevertheless, discovery must be subject to the reasonable control of the court, since counsel in their zeal may at times unintentionally and unwittingly impose unnecessary and unduly onerous burdens on opposing parties. That this possibility was contemplated by the framers of the Rules appears by Rule 30, which reposes in the court a residual control over the taking of depositions, and from the very fact that discovery of documents under Rule 34 may be had only on motion for good cause shown. This rule necessarily implies that the extent of the discovery of documents is not to be unlimited and unbridled, but is to be subject to the sound discretion of the court.

In this instance in order to establish two of its three claims for relief, it is necessary for the Government to prove the existence of restraints of trade and attempts to monopolize, or threats to do so, as of the time of the trial. To be sure, it would be unreasonable and might even defeat the ends of justice to confine the Government in its proof to evidence of acts done on any particular day. The Government must be free to retrace the defendant's activities for a considerable period, if it deems it necessary to do so, in order to establish the background and the setting in which the acts complained of were being committed. This is true of any case involving a continuing conspiracy. There is a serious question, however, whether it is reasonable to go as far back as 1930, —a period of twenty-seven years. No reason is stated and none appears discernible why this arbitrary date was selected by counsel.

◼ The question whether evidence is too remote is in all cases to be determined by the court. The decision depends in large part on the issues. It is the function and the duty of the court of its own motion to exclude evidence that it deems too remote, even though possibly it may have some nebulous logical distant relevancy to the issues. In this respect there is no distinction between an antitrust case and any other case. Consequently, it is entirely proper and even desirable for the court to fix a so-called "cut-off" date, or a series of "cut-off" dates.

◼ In due course the court will determine how long a period the plaintiff may retrace in its proof. The period need not necessarily be the same as to all transactions involved in this action. The court feels that under the circumstances, the appropriate time to make this ruling will be at the pretrial hearing, which has been set for October 1. Tentatively, for the purpose of the present motion, only, the court is of the opinion that approximately a ten-year period more or less should be generally sufficient as to the first two claims for relief. As

to the third claim, a much longer time is suitable. The court will dispose of the pending motion on this basis, without prejudice to a renewal in the event that at the pretrial hearing the court determines to extend the period.

It is true, as stated in the memoranda submitted by the Government in connection with this motion, that in the past in some antitrust cases the Government introduced evidence concerning a much longer period. Counsel cite three such cases in which a period of forty years was covered in this manner. The inordinate length of trials in antitrust litigation, however, caused largely by voluminous evidence reaching back many years that at times eventually has proven unnecessary, has created serious difficulties for the Federal courts throughout the country. The problem has grown to such magnitude that the Judicial Conference of the United States has taken cognizance of it, and has created a Committee to devise means to shorten these proceedings. One device is to reduce the period to be covered by the evidence to a reasonable length, bearing in mind that the ultimate question in a civil suit for an injunction is whether at the time of the trial acts are being committed or threatened that should be enjoined for the future. Injunctions look to the future and not to the past, and the past is important only as throwing light on the present and on future intentions.

Excessive length of trials is closely related to the problem of congestion in the courts. There are two principal causes of congestion. One is increase of business. This cannot be regulated, since no one should be impeded in access to the courts. The other basic cause of congestion is that individual trials on the average take too long a time. If the duration of trials could be reduced to a point where three cases would be tried in the same length of time that is now consumed by two, congestion would before long become a thing of the past. The court feels that it has

a duty to do what is reasonably necessary and proper to shorten what otherwise might be an inordinately long trial, to the extent to which this may be done without detriment to the rights of any party. Federal judges are clothed with common law powers to control trials, and, naturally should exercise them in the light of reason.

■ Among the cases relied on by counsel for the Government is the recent decision of the Supreme Court in United States v. E. I. Du Pont De Nemours Co., 77 S.Ct. 872. There evidence was introduced concerning matters that had transpired fifty years previously. That case, however, involved a different principle and is not apposite as to two of the claims for relief in the case at bar. The action was brought under the provision of law that under certain circumstances prohibits a corporation engaged in commerce to acquire stock of another corporation. The transaction attacked in that suit was a single acquisition of stock that took place in 1917. The Government was in a position to challenge it, because the statute of limitations does not run against the United States. Naturally, in an action to set aside a transaction that took place forty years ago, it is reasonable to introduce evidence of acts that transpired during the ten-year period preceding that date. In the case at bar, however, there is charged a continuing conspiracy in restraint of trade and an attempt to monopolize. As to these charges the rights of the parties must be adjudicated as of the date of the trial and not as of the date of a specified transaction that took place in the past. A different principle governs the charge that stock of Embassy Dairy Company was illegally acquired. That purchase took place in 1954, and the Government is entitled to scrutinize the relations between the defendant and Embassy Dairy for a number of years preceding 1954.

In accordance with the foregoing discussion, the pending motion will be dis-

**444**

posed of as follows. The motion is granted to the extent of directing the defendant to produce for inspection and an opportunity to copy, all papers and documents listed in the following paragraphs of the motion:

Paragraph I, sub-paragraphs 1(c) and 4.

Paragraph II.

Paragraph III, sub-paragraphs 4 and 5.

Paragraph III, sub-paragraph 6, limited, however, to the period from March 1, 1955 to February 7, 1957.

Paragraph IV.

In other respects, the motion is denied, without prejudice to a renewal after the pretrial hearing, if as a result of pretrial further discovery appears necessary or desirable.